# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-02318-M |
| | § | |
| DAVACO, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement (ECF No. 38). Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants have entered into a Settlement Agreement and Release, dated August 25, 2022 (the "Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all exhibits thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms capitalized herein shall have the same meanings ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this Litigation, Representative Plaintiffs, Defendants, Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3. The Court has reviewed the terms of the Settlement Agreement, the exhibits thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel and the Claims Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of Christopher Nolland, Esq. during a day-long mediation session on April 7, 2022, and during several hours of follow-up mediation sessions on April 12, 2022, April 13, 2022, and April 18, 2022, through which the basic terms of the settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of fact discovery. The terms of the Settlement Agreement fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore **GRANTS** preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows: All individuals identified by Defendants and to whom Defendants sent notice on or about July 2, 2021, that their information may have been impacted in the Security Incident.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the California Settlement Subclass defined in the Settlement Agreement as follows: All individuals in the Settlement Class who resided in California on June 11, 2021.

7. The Court preliminarily finds that the Settlement Class and California Settlement Subclass (together, the "Settlement Class") satisfy the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: (1) the Settlement Class Members are so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the Representative Plaintiffs' claims are typical of those of Settlement Class Members; and (4) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

8. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes: (1) the questions of law or fact common to the Settlement Class predominate over individual questions; and (2) class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

9. The Court hereby appoints Travis James, Stefanie Sheehan, Kimberly Gamboa, and Korey Williams as the Representative Plaintiffs of the Settlement Class.

10. The Court hereby appoints as Class Counsel Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP; M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp; Gayle M. Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP; and Joshua B. Swigart of Swigart Law Group, APC.

## NOTICE AND ADMINISTRATION

11. Pursuant to the Settlement Agreement, the Parties have designated Angeion Group, LLC ("Angeion") as the Claims Administrator. Angeion shall perform all the duties of the Claims Administrator set forth in the Settlement Agreement.

12. The Court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Class Notice and Notice Program and directs the parties and the Claims Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

13. The Claims Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

14. The Court also approves the Claim Form.

## **EXCLUSION AND OBJECTIONS**

15. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Claims Administrator in writing, postmarked no later than 75 calendar days after entry of this Order. To be valid, each request for exclusion must be made in writing and: (a) state the Settlement Class Member's full name, address and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of

attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

16. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order.

17. Settlement Class Members who wish to object to the Settlement may do so by submitting a written objection to the Claims Administrator in accordance with the procedures outlined in the Class Notice, filed or postmarked no later than 75 calendar days after entry of this Order. Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall mail the comment or objection to the Claims Administrator at: 1650 Arch Street, Suite 2210, Philadelphia, Pennsylvania 19103. The written objection must contain: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval

Hearing in support of the objections; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

18. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

19. The Court will hold a Final Approval Hearing on Monday, February 13, 2023, at 9:00 AM CST in Courtroom 1570 of the United States District Court, Northern District of Texas, 1100 Commerce Street, Dallas, TX 75242.

20. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified for settlement purposes; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the service awards sought for Representative Plaintiffs should be granted.

21. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTION & TERMINATION

| Event | Date |
| --- | --- |
| Defendants to provide Settlement Class Member data to Claims Administrator | 10 business days after entry of this Order |
| Notice Program per Settlement Agreement commences with the establishment of the settlement website | 7 days after Claims Administrator receives |

|  | Settlement Class Member data |
|---|---|
| Class Counsel's Motion for Attorneys' Fees and Costs and Service Awards | 21 days prior to the Objection Deadline |
| Opt-Out and Objection Deadlines | 75 days after entry of this Order |
| Motion for Final Approval | 42 days prior to the Final Approval Hearing |
| Replies in Support of Motion for Final Approval and Motion for Attorneys' Fees and Costs | 14 days prior to the Final Approval Hearing |
| Deadline for Settlement Class Members to file a Claim Form for settlement benefits | 120th day after entry of this Order |
| Final Approval Hearing | At the Court's convenience at least 130 days after entry of this Order |

22. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

23. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

24. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Settling Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or

final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any settling party regarding the validity of any of the Released Claims or the propriety of certifying any class, or (iii) be deemed an admission or concession by any settling party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**SO ORDERED**.

September 14, 2022.

_____
BARBARA M. G. LYNN
CHIEF JUDGE