**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| TRAVIS JAMES, et al.<br><br>*Plaintiffs*<br><br>v.<br><br>DAVACO, INC., et al.,<br><br>*Defendants*. | Case No.: 3:21-cv-02318-M<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

On September 14, 2022, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the August 25, 2022 Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Travis James, Stefanie Sheehan, Kimberly Gamboa, and Korey Williams, individually and on behalf of the Settlement Class (as defined below), and Defendants DAVACO, Inc. and DAVACO LP.[1]

Commencing on October 11, 2022, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Angeion Group, LLC (the "Claims Administrator") provided Notice to Settlement Class Members in compliance with Section IV of the Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class Members of their right to request exclusion from the settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

(d) provided the time, date, and place of the Final Approval Hearing.

On February 15, 2023, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Litigation with prejudice. The Court reviewed Plaintiffs' Motion for Final

1 Capitalized terms used in this Final Approval Order shall have the same meanings as defined in the Settlement Agreement, unless otherwise expressly stated.

Approval of Class Action Settlement and Plaintiffs' Motion for an Award off Attorneys' Fees, Reimbursement of Expenses and Service Awards (together, the "Motions") and all supporting materials, including but not limited to the Settlement Agreement and the exhibits thereto. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from further litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The benefits provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

**OBJECTIONS AND REQUESTS FOR EXCLUSION**

5. No objections to the Settlement were submitted by Settlement Class Members. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. Four persons submitted timely requests for exclusion. Three of the individuals are Settlement Class Members. The three Settlement Class Members made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

**CERTIFICATION OF THE SETTLEMENT CLASS**

7. Solely for purposes of the Settlement Agreement and this Final Approval Order, the Court hereby certifies the following Settlement Class:

> All individuals identified by Defendants and to whom Defendants sent notice on or about July 2, 2021 that their information may have been impacted in the Security Incident.

8. Solely for purposes of the Settlement Agreement and this Final Approval Order, the Court hereby certifies the following California Settlement Subclass:

> All individuals in the Settlement Class who resided in California on June 11, 2021.

9. The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class and California Settlement Subclass are certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

10. The Court grants final approval to the appointment of Representative Plaintiffs Travis James, Stefanie Sheehan, Kimberly Gamboa, and Korey Williams as the class representatives, and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

11. The Court grants final approval to the appointment of Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP; Gayle Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP; Joshua Swigart of The Swigart Law Group, APC and M. Anderson Barry of Clayeo C. Arnold, A Professional Law Corporation as Class Counsel. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

**NOTICE TO THE CLASS**

12. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class and California Settlement Subclass for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

**ATTORNEYS' FEES AND COSTS, SERVICE AWARDS**

13. The Court awards Class Counsel $ 180,000 in fees and reimbursement of $ 12,045.26 in costs. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

14. The Court awards $ 2,500 each to Mr. James, Ms. Sheehan, Ms. Gamboa and Mr. Williams as service awards. The Court finds these amounts are justified by their service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

**RELEASE**

15. Each Settlement Class Member, including Representative Plaintiffs, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendants and the other Released Persons from any and all of the Released Claims (including

Unknown Claims) as defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Paragraphs 1.26-1.27 and 8.1 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Representative Plaintiffs and Settlement Class Members are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that "[a] general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542.

16. Every Settlement Class Member who did not timely and validly exclude himself or herself from the Settlement Class fully, finally, and forever releases any and all Released Claims in accordance with the terms of the Settlement Agreement. All Settlement Class Members shall be bound by the terms of the Settlement Agreement upon entry of this Final Approval Order. The Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

**OTHER PROVISIONS**

17. The Settlement Fund, consisting of five hundred forty thousand dollars and no cents ($540,000.00), shall be used to pay all costs of the settlement, including all Awards and payments to Settlement Class Members including the cost of identity-theft protection services, costs of notice and Claims Administration, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiffs' Service Awards.

18. If any money remains in the Settlement Fund after the payment of all settlement payments to Settlement Class Members, cost of identity-theft protection services, costs of notice and Claims Administration, the Attorneys' Fees and Expenses Award to Class Counsel, and the

Representative Plaintiffs' Service Awards, the Parties shall return to the Court seeking direction as to the disposition of these funds, including the selection of a *cy pres* recipient, pursuant to Paragraph 7.6 of the Settlement Agreement.

19. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

20. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence in any action or proceeding, except that the Settlement Agreement and this Final Approval Order may be filed in any action by any of the Defendants or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

21. Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

22. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

23. Paragraph 7.7 of the Settlement Agreement does not exclude any claims based on noncompliance by the Claims Administrator with the terms of the Settlement Agreement or this Order.

**NOW, THEREFORE,** the Court hereby enters judgment in this matter pursuant to rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**:

DATED: 2/15/23

HON. BARBARA M. G. LYNN
UNITED STATES DISTRICT COURT JUDGE